## CIRCUIT COURT OF THE CITY OF RICHMOND

Richmond Finance Co.

v.

Charles M. Jordan

December 8, 1997

Case No. LC-1336-3

BY JUDGE RANDALL G. JOHNSON

This is an appeal from the General District Court of the City of Richmond. Trial without a jury was on December 3. Judgment will be for defendant.

On April 22, 1992, defendant and his adult son signed a "Retail Sale Contract" for the purchase of a car. It was understood by defendant, his son, and the dealer that the car was for the son, but the dealer required the father to sign because of the son's credit status. Defendant and his son both signed as "Buyers," and the car was titled in both names. The dealer assigned the contract to plaintiff, Richmond Finance Company.

In February 1993, the son filed a Chapter 13 bankruptcy, commonly known as a repayment plan. Richmond Finance was listed as a creditor and received payments from the bankruptcy trustee under the plan. While the plan was still in effect, the son had an accident. The car was totaled. The son's insurer contacted the son to obtain the loan payoff amount. The son told the insurer that the amount was approximately $3,000 but that the insurer should contact Richmond Finance to get the exact figure. When contacted, Richmond Finance told the insurer that the payoff amount was $464.71. Actually, $464.71 was the amount due under the bankruptcy plan. The amount due under the loan itself was higher. The insurer paid $464.71 to Richmond Finance, obtained title, and sold the car for salvage. In August 1996, the son converted his Chapter 13 bankruptcy to a Chapter 7 bankruptcy in which a total discharge of all of his debts was sought, and his debt to Richmond Finance was discharged in October 1996. Richmond

Finance then filed this action against defendant to recover the $1,090.71 it claims is still due on the loan. Richmond Finance argues that it is due judgment because even though the son's debt has been completely discharged in bankruptcy, the father's debt has not. That argument is rejected.[1]

Title 8.3A of the Code of Virginia, which is part of the Uniform Commercial Code, deals with negotiable instruments. Section 8.3A-605(e) provides, in part:

> If the obligation of a party to pay an instrument is secured by an interest in collateral and a person entitled to enforce the instrument impairs the value of the interest in collateral, the obligation of an indorser or *accommodation party* having a right of recourse against the obligor is discharged to the extent of the impairment.

Emphasis added.

Section 8.3A-419(a) provides the following with respect to who is an "accommodation party:"

> If an instrument is issued for value given for the benefit of a party to the instrument ("accommodated party") and another party to the instrument ("accommodation party") signs the instrument for the purpose of incurring liability on the instrument without being a direct beneficiary of the value given for the instrument, the instrument is signed by the accommodation party "for accommodation."

In this case, it is clear that defendant, the father, was an accommodation party. He signed the sales contract only because his son could not purchase the car on his own. Even though defendant's name was on the title, he received no benefit from the transaction. Defendant knew that. The son knew that. The dealer knew that. By accepting from the insurer less than the payoff amount, Richmond Finance impaired the value of the collateral with respect to defendant. Defendant is no longer liable on the contract.

---

[1] It appears that even after receiving the $464.71 from the insurance company, Richmond Finance continued to receive payments from the bankruptcy trustee. The reason for such continued payments was never explained at trial, and they have no effect on the court's decision.

Moreover, even if Richmond Finance is correct in its argument, made at trial, that defendant is not an accommodation maker because his name is on the title — that is, that he is every bit as much of an owner as his son — judgment would still be for defendant. When the car was totaled, it was insured. If defendant was a "true" owner of the car, as Richmond Finance claims, that insurance was also for defendant's benefit. In other words, if the defendant's ownership of the car was equal to his son's, then his interest in the insurance was also equal to his son's. When Richmond Finance told the insurer that only $464.71 was owed on the loan, it did so without any consultation with the father to see what he claimed to be the value of the car *or of the loan*. Having completely ignored the rights of a party that it now claims was an equal owner of the car, Richmond Finance is estopped from claiming defendant owes any more, and the court so holds. Judgment is for defendant.